IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BEN N. BROWN, SR.                              §
                                               §
    Plaintiff,                                §
                                               §
v.                                             §
                                               §  C.A. NO. 4:08-cv-00413
SHELL OIL COMPANY, SHELL                       §
CHEMICAL, L.P, RADIATOR SPECIALTY              §
COMPANY, AND JOHN DOES 1                       §
THROUGH 250, INCLUSIVE,                        §

    Defendants.

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f), FEDERAL RULES OF CIVIL PROCEDURE

1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Counsel for Plaintiff attempted to consult with defense counsel regarding the Rule 26(f) meeting via telephone conference on May 14, 2008.

   Attorneys for Plaintiff BEN N. BROWN, SR.

   S. Reed Morgan
   LAW OFFICES OF S. RED MORGAN, P.C.
   P. O. Box 38
   Comfort, Texas 78013

   Attorneys for Defendant
   SHELL OIL COMPANY
   Wade Williams
   LEWIS & WILLIAMS, L.L.P.
   2200 Market, Ste. 750
   Galveston, Texas   77550

   Jeffrey I. Mandel
   JUGE, NAPOLITANO, GUILBEAU, RULI,
        FRIEMAN & WHITELEY
   3320 West Esplanade Ave. North
   Metairie, Louisiana 70002

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Briefly describe what this case is about.

   In this products liability suit, Plaintiff seeks damages from Defendants for his exposure to chemicals that caused his Chronic Myelogenous Leukemia while employed by Shell Offshore, Inc., a non-defendant.

   Plaintiff seeks damages from Defendants for his occupational cancer disease which he alleges occurred during his employment with Shell Offshore, Inc., which is not a defendant.

   Shell
   Plaintiff last worked for Shell in and around 1992, at which point he accepted a voluntary severance package. Plaintiff now is alleging that he was diagnosed with cancer in or around 2007 which allegedly is related to work-exposures with Shell.

4. Specify the allegation of federal jurisdiction.

   This action arises under Article 2315 of the Louisiana Civil Code, and diversity of citizenship exists under 28 U.S.C. Section 1332; and this is a claim for damages due under Louisiana Tort Law and Louisiana Products Liability Law, or alternatively, under the Restatement 2nd of Torts, Section 402A, for strict products liability, and negligence.

5. Name the parties who disagree and the reasons.

   Shell disputes that this Honorable Court has subject matter jurisdiction over this lawsuit, as concerns the allegation raised against Shell. Rather, Shell believes that plaintiff's exclusive remedy against Shell falls under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §091, *et seq.* and/or the WORKERS COMP, or in the alternative, the La. Worker's Compensation Law, La. R.S. 23:1021, et seq.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   RADIATOR SPECIALTY COMPANY, AND
   JOHN DOES 1 THROUGH 250, INCLUSIVE,

7. List anticipated interventions.

   None known at this time.

8. Describe class-action issues.

None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Plaintiff, BEN N. BROWN, SR., will make his initial disclosures on or before **June 9, 2008**.

Defendant, SHELL OIL COMPANY:

At this time, Shell has not made the disclosures to plaintiff pursuant to Rule 26(a), nor has it received plaintiff's disclosures. However, Shell is willing to prepare and exchange the Rule 26(a) initial disclosures by a mutually convenient date.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   The parties have discussed the matters raised in Rule 26(f) and will comply with the Federal Rules of Civil Procedure with regard to initial disclosures and additional discovery.

   B. When and to whom the Plaintiff anticipates he may send interrogatories.

   Plaintiff, BEN N. BROWN, SR., will send Interrogatories to Defendant, SHELL OIL COMPANY, by **June 9, 2008**.

   C. When and to whom the Defendant anticipates it may send interrogatories.

   Defendant, SHELL OIL COMPANY, will send Interrogatories to Plaintiff, BEN N. BROWN, SR., **June 30, 2008**. Of whom and by when the Plaintiff anticipates taking oral depositions.

   Plaintiff, BEN N. BROWN, SR., anticipates taking the oral depositions of fact witnesses identified in Plaintiff's and Defendant's initial disclosures and all experts before discovery is concluded in this case. Plaintiff may need to take one or two corporate representatives of each party defendant by deposition under Rule 30 (B) (6).

   E. Of whom and by when the Defendant anticipates taking oral depositions.

   Defendant, SHELL OIL COMPANY, anticipates taking the oral depositions of Plaintiff, BEN N. BROWN, SR., and fact witnesses identified in Plaintiff's, initial disclosures and all experts before discovery is concluded in this case.

F. When the Plaintiffs (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff, BEN N. BROWN, SR., will designate **160** days from trial.

Defendant will designate **130** days from trial.

G. List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiff, BEN N. BROWN, SR., anticipates taking the depositions of any expert retained by Defendants before discovery is concluded.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant, SHELL OIL COMPANY, anticipates taking the oral depositions of fact witnesses identified in Plaintiff, BEN N. BROWN, SR.'s initial disclosures, and all experts before discovery is concluded in this case.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties are agreed.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13. State the date the planned discovery can reasonably be completed.

Thirty days prior to trial.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties agree that after initial factual and expert discovery, including depositions, they will consent to mediation to try to resolve the case.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Each party is working on disclosing documents relevant to this case and has agreed to engage in mediation in a good faith effort to resolve the case after the completion of initial disclosures, written discovery, and oral depositions.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such technique may be effectively used in this case.

    Mediation.

    <u>Shell:</u>
    Shell is amenable to participating either in a settlement conference with the United States Magistrate Judge or to participating in private mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Plaintiff, BEN N. BROWN, SR., and Defendant do not consent to trial by magistrate.

18. State whether a jury demand has been made and if it was made on time.

    Plaintiff and defendant, SHELL OIL COMPANY, have timely demanded a jury.

19. Specify the number of hours it will take to present the evidence in this case.

    Approximately 30 to 40 hours, depending on the number of additional defendants made by plaintiff.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

21. List other motions pending.

    None

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

23. List the name, bar numbers, addresses and telephone numbers of all counsel.

    Attorneys for Plaintiff, BEN N. BROWN, SR.

    S. Reed Morgan
    Federal ID #6080, State Bar ID No. 14452300
    MORGAN & CHADICK, L.L.P.
    P. O. Box 38
    Comfort, Texas 78013

830.995.246, Fax 830.995.2728

Attorneys for Defendant, SHELL OIL COMPANY

SHELL OIL COMPANY
Wade Williams
Fed. ID #7121, State Bar No. 21582900
LEWIS & WILLIAMS, L.L.P.
2200 Market, Ste. 750
Galveston, Texas   77550
(409) 762-1900
(409) 762-4606 Telecopier

Jeffrey I. Mandel
Louisiana State Bar No. 20935
JUGE, NAPOLITANO, GUILBEAU, RULI,
         FRIEMAN & WHITELEY
3320 West Esplanade Ave. North
Metairie, Louisiana 70002

Will file for admission to the Southern District of Texas in the immediate future.


Counsel for Plaintiff:

____/s/ S. Reed Morgan_____         Date:   ___5/14/08_____
S. Reed Morgan

Counsel for Defendant(s)

_____/s/ Wade Williams by Jeffrey I. Mandel_____         Date:   _5/14/08_____
Wade Williams