IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |  |
|---|---|---|
| BEN N. BROWN, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. 4:08-CV-00413 |
| | § | |
| SHELL OIL COMPANY, SHELL CHEMICAL, L.P., RADIATOR SPECIALTY COMPANY, AND JOHN DOES 1 THROUGH 250, INCLUSIVE, | § § § § § | |
| Defendants. | § | |

**SHELL DEFENDANTS' 3/11/09 AMENDED
DESIGNATION OF EXPERT WITNESSES**

Pursuant to Federal Rule of Civil Procedure 26(a)(2), Defendants Shell Oil Company and Shell Chemical LP give notice that they may call some or all of the following expert witnesses:

1. Ethan A. Natelson, M.D.
   The Methodist Hospital
   6550 Fannin, Suite 1001
   Houston, Texas 77030

Dr. Natelson is a medical doctor and hematologist. He is expected to testify regarding medical causation, diagnosis, treatment, general and specific causation issues with regard to Plaintiff's illness including alternative causation, levels and duration of exposure required for a causal association, and latency period required for a causal association, the relevant scientific and medical literature, hematology, and oncology. Dr. Natelson will also address the opinions offered by Plaintiff's experts. Dr. Natelson may be contacted through counsel for Shell Defendants. Dr. Natelson's fees to date in this case are $2,250.00; $400/hr. for testimony, $250/hr. for other services. Attached are Dr. Natelson's *curriculum vitae*, list of cases he has testified in, and his report.

    2.       David Pyatt, Ph.D.
              Managing Health Scientist
              Summitt Toxicology
              1944 Cedaridge Circle
              Superior CO 80027

Dr. Pyatt is expected to testify regarding toxicology, hematology, general and specific causation, the scientific and medical literature regarding benzene, the diseases associated with exposure to benzene, as well as the levels and duration of exposure required for a causal association. Dr. Pyatt may testify regarding issues of causation and the mechanisms of carcinogenicity. Dr. Pyatt will also address the opinions offered by Plaintiff's experts. Dr. Pyatt may be contacted through counsel for Shell Defendants. Dr. Pyatt's fees to date in this case are $6,500.00; $260/hr. for research, analysis, and testimony. Attached are Dr. Pyatt's *curriculum vitae*, list of cases he has testified in, and his report.

.    3.       Kenneth A. Mundt, Ph.D.
              Environ Health Sciences
              28 Amity Street, Suite 2A
              Amherst, MA 01002

Dr. Mundt may testify regarding epidemiology, state of the art, and the relevant scientific literature regarding benzene and other chemicals which may be alleged to be relevant in this case, the diseases which have been associated with exposure to those chemicals, as well as the levels and duration of exposure which have been associated with those diseases. Dr. Mundt may testify regarding issues of causation. Dr. Mundt will also address the opinions offered by Plaintiff's experts. Dr. Mundt may be contacted through counsel for Shell Defendants. Dr. Mundt's fees to date in this case are approximately $17,000.00; $400/hr. for testimony, $300/hr. for other services. Attached are Dr. Mundt's *curriculum vitae*, list of cases he has testified in, and his report.

    4.      John W. Spencer, CIH, CSP
             Environmental Profiles, Inc.
             8805 Columbia 100 Pkwy, Suite 100
             Columbia, MD 21045

Mr. Spencer is expected to testify regarding industrial hygiene, occupational health and safety, warnings, and exposure issues. He may also testify regarding OSHA regulations, standards, state-of-the-art, state-of-the-knowledge issues, government research and studies, including but not limited to those done by NIOSH, and the employer's responsibility to provide a safe work place, and adequate safety training and equipment. Mr. Spencer may also testify regarding the purpose and development of threshold limit values and permissible exposure limits in this country, their use by industrial hygienists and the general understanding among the community of industrial hygienists regarding the extent to which threshold limit values and permissible exposure limits have been considered to provide acceptable levels of exposure for employees over their entire occupational working life. He may testify regarding the evaluation and application of industrial hygiene studies of benzene and germane industrial hygiene issues, such as the nature, extent, and duration of Mr. Brown's alleged exposures.  He may testify regarding conditions, practices, policies, and procedures at various premises at which Mr. Brown claims to have worked.  He may testify regarding the quantity, if any, of any alleged exposure at such premises of Mr. Brown to benzene and/or any other chemical alleged by the Plaintiff to have caused Mr. Brown's illness. He may address issues regarding assessment of exposure, characteristics and properties of benzene and other chemicals which may be alleged to be relevant in this case and any opinions offered by Plaintiff's experts.  Mr. Spencer may be contacted through counsel for Shell Defendants.  Mr. Spencer's fees to date in this case are $21,370.99; $285/hr. for research, analysis, and testimony. Mr. Spencer's *curriculum vitae* and report are attached.

- 4 -

5. Shell Defendants intend to rely on all the experts, medical professionals and/or treating physicians identified by Plaintiff in Plaintiff's Designation of Expert Witnesses, and Shell Defendants will call these persons as experts should the need arise.  Shell Defendants further reserve the right to designate Mr. Brown's treating doctors and medical care providers listed in Plaintiff's Initial and Supplemental Disclosures as expert witnesses.  Shell Defendants do not by this designation indicate its agreement that each person is qualified as an expert or that Shell Defendants agree with such testimony.  "Treating doctors" and "medical care providers" identified in Plaintiff's Initial and Supplemental Disclosures may be used at trial to present evidence under Federal Rules of Evidence 702, 703, and 705, include, but are not limited to:

William Evans, M.D.
Gulf Coast Neurology Center
3109 Bienville Blvd.
Ocean Springs, MS  39564

Joe C. Files, M.D.
University Hematology – UMC
Cancer Institute
2500 N. State St.
Jackson, MS  39216

Lydia Latour, M.D.
Coast Oncology/Hematology PLLC
147 Reynoir St. #102
Biloxi, MS  39530

Richard Smith, M.D.
North Bay Family Medical Clinic
15012 Lemoyne Blvd.
Biloxi, MS  39532

Christopher Shelby, M.D.
Biloxi Regional medical Center
150 Reynoir Street
Biloxi, MS  39530

Shell Defendants may take the oral deposition of Plaintiff's treating physicians. The information specified in Fed. R. Civ. P. 26(a)(2)(B) will be available for the parties to elicit in the deposition.

6. Shell Defendants further reserve the right to cross examine and/or call as adverse witnesses Plaintiff's designated experts. Shell Defendants do not by this designation indicate their agreement that each person is qualified as an expert or that Shell Defendants agree with such testimony. Plaintiff's designated experts may be used at trial to present evidence under Federal Rules of Evidence 702, 703, and 705.

7. Shell Defendants reserve the right to elicit, by way of cross-examination, opinion testimony from experts designated and called by other parties to the suit. In the event a present or future party designates an expert but then is dismissed for any reason from the suit or fails to call the designated expert, Shell Defendants reserve the right to designate and/or call any such party or any such experts previously designated by any party. Please refer to designation of co-defendants' experts for a description of their potential testimony.

8. Shell Defendants reserve the right to supplement both the expert reports and/or this designation since discovery is continuing and information may become available in the deposition phase of discovery which is not available at this time. As discovery is ongoing and additional experts may need to be designated, Shell Defendants reserve the right to designate any additional expert witnesses, should it become necessary to do so at the conclusion of fact witness depositions, pursuant to the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence, and/or by order of this Court. Shell Defendants further reserve the right to call any rebuttal expert witness or any impeaching witnesses whose testimony cannot be anticipated before the time of trial and/or as should become necessary in the trial of this cause. Shell Defendants reserve the right to withdraw the designation of any expert and to aver positively that

any such previously designated expert will not be called as a witness to trial, and to re-designate same as a consulting expert.

                    Respectfully submitted,

                    /s/ Stan Perry
                    Stan Perry
                    HAYNES AND BOONE, LLP
                    Texas Bar No. 15799920
                    Southern District of Texas No. 12671
                    1221 McKinney, Suite 2100
                    Houston, TX 77010
                    Telephone:  (713) 547-2039
                    Telecopier:  (713) 236-5455
                    stan.perry@haynesboone.com

                    SHELL OIL COMPANY  AND
                    SHELL CHEMICAL LP, DEFENDANTS

OF COUNSEL:

HAYNES AND BOONE LLP
1221 McKinney, Suite 2100
Houston, TX 77010
Telephone:  (713) 547-2039
Telecopier:  (713) 236-5455

JUGE, NAPOLITANO, GUILBEAU,
RULI, FRIEMAN & WHITELEY
Jeffery I. Mandel
Louisiana Bar No. 20935
3320 West Esplanade Ave.
North, Metairie, LA. 70002
Telephone:  (504) 831-7270
Telecopier:  (504) 831-7284

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>11th</u> day of March 2009, a true and correct copy of the *Shell Defendants' 3/11/09 Amended Designation of Expert Witnesses* was electronically filed with the Clerk of the Court and served on all parties of record using the CM/ECF System.

      /s/ Stan Perry
STAN PERRY

H-771022.1